IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT M. MURRAY,

                                                                            ORDER

                       Plaintiff,

                                                                         08-cv-00045-C

     and

MERCYCARE INSURANCE COMPANY and
MEDICARE PART A & B, and
BLUE CROSS BLUE SHIELD OF WISCONSIN,

               v.

MISSISSIPPI FARM BUREAU CASUALTY
COMPANY, AARON MICHAEL MORGAN,
DANIEL B. NELSON, and AMERICAN FAMILY
MUTUAL INSURANCE COMPANY,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A federal court has an independent obligation to insure that it has jurisdiction to hear each case presented to it. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379 (7th Cir. 2000). Invoking this court's diversity jurisdiction, 28 U.S.C. § 1332, plaintiff Robert Murray has filed a complaint in which he alleges that he suffered personal injuries that "may equal or exceed the sum of $75,000.00," as a result of defendant Aaron Michael Morgan's

1

negligent operation of an automobile owned by defendant Daniel B. Nelson. Unfortunately, for several reasons, plaintiff's complaint is insufficient to satisfy the court that the parties are completely diverse in their citizenship and that the amount in controversy *exceeds* $75,000. Therefore, I must ask plaintiff to provide this court with verification of the diversity of citizenship between the plaintiff and the involuntary plaintiffs and all of the defendants, as well as to establish with "competent proof" that the amount in controversy exceeds $75,000. Failure to make these showings will result in an order dismissing this action.

In his complaint, plaintiff alleges that

- he is a "resident" of the state of Wisconsin, with an address of 1739 S. Crosby Avenue, Janesville, Wisconsin.

- Involuntary plaintiff MercyCare Insurance Company is a "domestic insurance company licensed by the State of Wisconsin" with a business address of 3430 Palmer Drive, Janesville, Wisconsin.

- Involuntary plaintiff Medicare Part A and Part B is a "federal health insurance carrier" with an address care of "United States Government Services, LLC, located at 6775 W. Washington Street, Milwaukee, Wisconsin."

- Involuntary plaintiff Blue Cross and Blue Shield is a "domestic insurance company" licensed by the state of Wisconsin with a business address of 6775 W. Washington

St., West Allis, Wisconsin.

- Defendant Mississippi Farm Bureau Casualty Insurance Company is a "foreign property and casualty insurance company" with a corporate address of 63101-55 North, City of Jackson, State of Mississippi.

- Defendant Aaron Michael Morgan "resides" at 206 Windchase Dr., Brandon, Mississippi.

- Defendant Daniel B. Nelson "resides" at 22 Altamont Dr., Laurel, Mississippi.

- Defendant American Family Mutual Insurance Company is a "licensed insurance company incorporated in the State of Wisconsin" with an address at 6000 American Parkway, Madison, Wisconsin.

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiff's place of residency and place of citizenship may be the same, it is plaintiff's burden to establish

3

citizenship. At the present time, he has established only his residency.

Assuming plaintiff's residence and his citizenship are the same, plaintiff faces a large problem at the outset. The citizenship of a business entity is determined by its organizational structure. A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). Plaintiff has alleged that defendant American Family Mutual Insurance Company was incorporated in Wisconsin. If plaintiff is a citizen of Wisconsin and defendant American Family is a citizen of Wisconsin, there can be no diversity jurisdiction. For a case to be within the diversity jurisdiction of the federal courts, diversity must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. 267 (1806); McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006).

Even assuming for the sake of argument that plaintiff has it wrong, that is, that plaintiff Robert Murray is not a citizen of Wisconsin or that defendant American Family is not a citizen of Wisconsin, plaintiff has not identified in his complaint the states of incorporation and principal places of business of the other corporate entities as he must.[1]

---

[1] This rule is not applicable to partnerships and other non-corporate business entities however. Limited liability partnerships and limited liability companies (but not limited

4

28 U.S.C. § 1332(c)(1). He asserts only that the various corporations are "domestic" or "foreign" companies with business addresses in various locations.

Finally, plaintiff asserts that the amount in controversy "may equal or exceed the sum of $75,000." 28 U.S.C. § 1332(a) states expressly that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interest and costs. . . ." (Emphasis added.) Nevertheless, despite plaintiff's apparently equivocal statement, I will assume that the amount in controversy exceeds the jurisdictional prerequisite. In his request for relief, plaintiff asks for $100,000 in damages, and in the body of his complaint, he says that his injuries were sustained when defendant Morgan "t-boned the driver's passenger door and side of the motor vehicle" plaintiff was operating. The test whether a case satisfies the amount in controversy requirement is whether the complaint makes a good faith claim for the amount. <u>Herremans v. Carrera Designs, Inc.</u>, 157 F.3d 1118, 1121 (7th Cir. 1998). The sum claimed by the plaintiff controls, <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938), and dismissal for lack of jurisdiction is not appropriate unless it appears to a legal certainty

---

liability corporations, which are treated like any other corporation) have the citizenship of each of their members or partners. Thus, if involuntary plaintiff "Medicare Part A and Part B" "c/o United States Government Services, LLC" is a limited liability company, and even one of its members is a citizen of the same state as one of the defendants, complete diversity would not exist. <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998).

5

that the claim is really for less than the jurisdictional amount. Id. There is no reason to believe that plaintiff did not suffer damages amounting to more than $75,000.

ORDER

IT IS ORDERED that plaintiff may have until February 11, 2008, in which to provide this court with verification of the diversity of citizenship between himself and the involuntary plaintiffs and each of the named defendants. Failure to comply with this deadline will result in an order dismissing this case for lack of jurisdiction.

Entered this 28th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge