IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT M. MURRAY,

                                              OPINION AND ORDER

            Plaintiff,                        08-cv-45-bbc

MERCYCARE INSURANCE COMPANY,
MEDICARE PART B, WISCONSIN PHYSICIANS
SERVICE INSURANCE CORPORATION,
BLUE CROSS BLUE SHIELD OF WISCONSIN,
and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

                Involuntary Plaintiffs,
     v.

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, AARON MICHAEL
MORGAN, and DANIEL V. NELSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Robert M. Murray seeks monetary damages from defendants Mississippi Farm Bureau Casualty Insurance Company, Aaron Michael Morgan and Daniel V. Nelson for injuries arising out of an automobile accident that occurred on January 18, 2005. Plaintiff has also filed a cross-claim against involuntary plaintiff American Family Mutual Insurance Company, based on this party's alleged liability to plaintiff.

1

(Plaintiff has named four other "involuntary plaintiffs" in his amended complaint. In this order, however, the only "involuntary plaintiff" to which I will refer is American Family Mutual Insurance Company.)

Now before the court is involuntary plaintiff's motion to realign and motion to dismiss. Involuntary plaintiff asserts that if it is properly realigned with defendants, complete diversity would not exist and the court would have to dismiss the case for lack of subject matter jurisdiction. Because I agree that involuntary plaintiff's interests in the controlling matter are not aligned with those of the plaintiff, I will grant the motion to realign, and because such realignment destroys complete diversity, I will also grant plaintiff's motion to dismiss.

As a preliminary matter, it should be noted that I have not considered certain evidence presented by the parties. Plaintiff's Exhibit A to its "Response to American Family's Motion to Dismiss and Realignment [sic]" is not properly authenticated under 28 U.S.C. §1746. Involuntary plaintiff's Exhibit A to Brief in Reply is authenticated, but it is irrelevant. In considering a question of realignment, courts are limited to the facts as they stood at the time the action was commenced. American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 149 (7th Cir. 1981). Because involuntary plaintiff's exhibit contains information that would not have been known at the time the complaint was filed, this exhibit cannot be considered.

2

For the sole purpose of deciding involuntary plaintiff's motions, I find the following facts from the record and, in particular, plaintiff's original complaint, plaintiff's amended complaint and cross-claim and involuntary plaintiff's answer.

FACTS

This case arises out of an automobile accident that occurred on January 18, 2005 in Janesville, Wisconsin. While defendant Morgan was operating a motor vehicle owned by defendant Nelson, Morgan failed to obey a red traffic light and crashed into a vehicle driven by plaintiff, causing plaintiff property damage and personal injuries, with damages totaling approximately $100,000.

At the time of the accident, plaintiff had an automobile insurance policy with involuntary plaintiff. This policy provides uninsured and underinsured motorist coverage for damages sustained by plaintiff arising out of defendant Morgan's alleged negligence.

Plaintiff filed a complaint in federal court on January 17, 2008, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. At that time, plaintiff named involuntary plaintiff as a defendant, along with those other parties presently named as defendants. No involuntary plaintiffs were identified, and there was no mention of any party having a subrogated interest in the case. In its demand for relief, plaintiff stated:

Plaintiff Murray demands relief from Defendants Nelson, Morgan, Farm Bureau and

3

> American Family, for past medical expenses, past pain, suffering, and disability; and also for future medical expenses, future pain, suffering, and disability, medical bills, mileage, in excess of $100,000 and attorney fees and costs in an amount to be determined by a jury and other relief the Court may deem just and equitable.

On January 28, 2008, this court issued an order on its own motion, noting that plaintiff failed to allege in his complaint that the parties were completely diverse and that the amount in controversy exceeded $75,000. Murray v. Mississippi Farm Bureau Casualty Co., 2008 WL 248322 (W.D. Wis.). I asked plaintiff to provide verification of these jurisdictional requirements and warned that, in the absence of such verification, the case would be dismissed. Id. I further noted the following:

> Assuming plaintiff's residence and his citizenship are the same, plaintiff faces a large problem at the outset . . . . Plaintiff has alleged that defendant American Family Mutual Insurance Company was incorporated in Wisconsin. If plaintiff is a citizen of Wisconsin and defendant American Family is a citizen of Wisconsin, there can be no diversity jurisdiction. For a case to be within the diversity jurisdiction of federal courts, diversity must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. 267 (1806); McCready v. eBay, Inc. 453 F.3d 882, 891 (7th Cir. 2002).

In response to this order, on February 11, 2008, plaintiff filed an amended complaint and cross-claim. This time, plaintiff named American Family as an involuntary plaintiff and stated in the amended complaint, "American Family is joined as a necessary and proper party by virtue of its subrogated interest as a health insurance carrier who paid for medical bills incurred subject to this lawsuit, approximately $1,000.00." Plaintiff asserted a cross-claim against involuntary plaintiff, alleging:

4

Involuntary Plaintiff, American Family, had at the time of the accident on January 18, 2005, in full force and effect an automobile insurance policy #48-789379-02 insuring Murray, which by virtue of said policy provided uninsured and underinsured coverage for damages sustained by Murray, which American Family is or may be liable for all or in part of [sic] the claim by Murray arising out of Defendant Morgan's negligence . . . .

Plaintiff demands relief from Cross Complaint [sic] American Family from said policy for any permissible compensation for personal injuries, medical expenses and other related expenses.

On March 6, 2008, involuntary plaintiff filed an answer to plaintiff's amended complaint and cross-claim. Involuntary plaintiff admitted it had paid $1,000 to plaintiff for medical expenses. It claimed lack of sufficient knowledge regarding defendant Morgan's negligence. It alleged affirmatively that "[p]laintiff failed to mitigate his damages" and "was negligent with respect to the operation of his own vehicle and said negligence as [sic] a substantial factor in producing the accident and any injuries allegedly sustained by the Plaintiff." Finally, involuntary plaintiff demanded judgment dismissing plaintiff's complaint.

OPINION

The issue presented is whether this court has jurisdiction to proceed in this case. The case involves no issue of federal law. Therefore, this court has jurisdiction only if diversity jurisdiction is present. The citizenship of the parties is no longer in dispute. Because

5

plaintiff and involuntary plaintiff are Wisconsin citizens, however, complete diversity can exist only if involuntary plaintiff's present alignment is proper. Involuntary plaintiff asserts that (1) it was improperly designated as an involuntary plaintiff in the amended complaint and (2) realignment is appropriate because its real interests conform with those of the defendants. American Motorists Ins., 657 F.2d at 149.

### A. Joinder of Involuntary Plaintiffs

According to Federal Rule of Civil Procedure 19(a), when an indispensable party refuses to join as plaintiff in a suit, a party may "be made a defendant, or, in a proper case, an involuntary plaintiff." Although no limitations are placed on the ability to add an indispensable party as a defendant, Rule 19(a) limits the naming of involuntary plaintiffs to "proper case[s]" only. Traditionally, a "proper case" is one in which the involuntary plaintiff is outside the court's jurisdiction and is under some obligation to join the plaintiff's lawsuit but has refused to do so. Cf. Independent Wireless Tel. Co. v. Radio Corp. of America, 269 U.S. 459, 472 (1926) (cited in notes to Fed. R. Civ. P. 19(a) as "a proper case for [joining an] involuntary plaintiff"); Sheldon v. West Bend Equipment Co., 718 F.2d 603, 606 (3d Cir. 1983); Eikel v. States Marine Lines, Inc., 473 F.2d 959, 962 (5th Cir. 1973); see also 20 A.L.R. Fed 193 § 2; Charles Alan Wright, Federal Practice & Procedure § 1606, at 72 (3d ed. 2001). The designation of a party as an involuntary plaintiff has generally been limited

6

to cases involving patent and copyright licensees.  Id.

In this case, the party plaintiff names as an "involuntary plaintiff" was not outside the jurisdiction of the court.  Therefore, involuntary plaintiff is technically correct in stating that it was improperly designated in the amended complaint.  However, deciding whether a party should be named as defendant or involuntary plaintiff under Rule 19(a) is distinct from deciding whether the parties are aligned properly for the purpose of diversity jurisdiction. Cf. Eikel, 473 F.2d at 963; 20 A.L.R. Fed. 193 § 3(b).  The dispositive question in this case is whether diversity exists, not whether the technicalities of Rule 19(a) have been followed. Therefore, the fact that American Family has been labeled an "involuntary plaintiff" rather than a "defendant" in the caption of the lawsuit has no effect on this court's jurisdiction.

## B. Alignment of the Parties

When determining whether federal jurisdiction exists, court have an independent duty to look beyond the pleadings and to arrange the parties according to their true sides in the dispute.  City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69 (1941).  "The propriety of alignment is a matter not to be determined by mechanical rules, but by pragmatic review of the principal purpose of the action and the controlling matter in dispute." American Motorists Ins. Co., 657 F.2d at 149.  Having identified the controlling matter, courts must ignore "incidental" issues that serve as "window-dressing designed to

satisfy the requirements of diversity jurisdiction." City of Indianapolis v. Chase National Bank, 314 U.S. 63, 72-73 (1941). Therefore, to determine whether complete diversity of jurisdiction exists, I look to the parties' real interests in the controlling matter and not to their placement in the caption of the pleadings.

In this case, the controlling question is whether plaintiff's injuries were caused by defendant Morgan's negligence. Defendants' liability hinges on this question. Further, involuntary plaintiff's liability under the cross-claim is triggered only if defendant Morgan is liable. Thus, the key to aligning involuntary plaintiff is identifying its interest with respect to defendant Morgan's negligence.

The initial difficulty in answering this question arises because involuntary plaintiff appears to have an interest in both outcomes of the case. On one hand, involuntary plaintiff has a subrogated interest in plaintiff's recovery, as it has paid out approximately $1,000 in medical expenses to plaintiff for injuries related to this suit. On the other hand, involuntary plaintiff has a strong interest in limiting plaintiff's recovery because, if defendant Morgan is held liable, involuntary plaintiff may be liable for "all or in part" of the damages, potentially totaling $100,000. (Am. Compl. ¶ 20.)

Under these facts, involuntary plaintiff arguably wins and loses under either outcome. To involuntary plaintiff, however, there is a clearly preferable outcome. As it asserts through its pleadings, involuntary plaintiff wishes plaintiff to fail on its negligence claim against

8

defendants, so that it may be relieved of its liability under the cross-claim. In other words, on the controlling matter in this case, involuntary plaintiff seeks the outcome opposit to the one plaintiff seeks. Perhaps more important, involuntary plaintiff has acted in opposition to plaintiff in order to achieve this desired outcome. First, involuntary plaintiff has demanded that this court dismiss plaintiff's complaint. Second, involuntary plaintiff alleges that (1) plaintiff failed to mitigate his damages and (2) plaintiff's contributory negligence was a substantial factor in his injuries. If successful on these affirmative defenses, involuntary plaintiff will not only protect its own interests, but will further preclude plaintiff from receiving the full damages it seeks from defendants.

Although it has acted to defend against plaintiff's cross-claim, involuntary plaintiff has not acted with the same vigor to protect its potential subrogated interest. In fact, it was plaintiff, not involuntary plaintiff, who raised the subrogated claim in the first place. Involuntary plaintiff's participation in the subrogated claim has been, as plaintiff himself classified it, "involuntary." A subrogated claim is considered a real claim in interest, but in this case it is ultimately "incidental to the dominating controversy" and does not preclude realignment. City of Indianapolis, 314 U.S. at 72-73.

Therefore, I conclude, that with respect to the controlling matter in this case, the interests of plaintiff and involuntary plaintiff do not coincide. Rather, because involuntary plaintiff has taken a legal position contrary to plaintiff's interests, it is more properly aligned

9

with defendants. Once that is accomplished, the complete diversity that supports federal jurisdiction no longer exists. Therefore, I must grant involuntary plaintiff's motion to dismiss.

## ORDER

IT IS ORDERED that the motion of involuntary plaintiff American Family Mutual Insurance Company to realign itself as a defendant is granted, as is its motion to dismiss for lack of federal jurisdiction.

Entered this 22nd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge